# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRANCIS STOJINSKI

    Plaintiff

v                                                    Civil Action No. L-10-3166

JP MORGAN CHASE BANK et al.

    Defendants

o0o
## MEMORANDUM

Francis Stojinski brings this action seeking money damages for alleged violations of the federal Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Now pending are three motions. The first is Stojinski's Motion to Vacate or Set Aside an Order of Eviction. Docket No. 2. The second is the Motion of Defendant JP Morgan Chase Bank to Dismiss the Complaint. Docket No. 3. The third is a Motion, also filed by JP Morgan Chase, to strike Stojinski's Motion to Vacate. Docket No 4.

Stojinski has no filed a response to either of JP Morgan Chase's Motions, and all Motions are now ripe for decision. The Court has carefully considered the papers, and no hearing is deemed necessary. See Local Rule 106.5 (D. Md. 2010). For the reasons stated herein, the Court will, by separate order, GRANT the Motions to Strike and to Dismiss the Complaint.

### I.    BACKGROUND

Francis Stojinski filed this action *pro se* on November 8, 2010. The two-page complaint states that "the lender violated several standard laws and/or loan agreements," in relation to a home equity line of credit extended to Stojinski by JP Morgan Chase in 2007. The Complaint

alleges that initial broker disclosures, mandated under the California Business and Professions Code and the TILA were not signed or dated, that the loan "was underwritten without due diligence by the party originating the loan," and that the loan "was approved without considering the borrower's actual income or debt ratios."

Appended to the Complaint is a "Forensic Loan Audit" apparently prepared for Stojinski by a company called Tila Solutions. The document states,

> Your Forensic Loan Audit has been completed. The examination has covered all documents provided, including any Broker Disclosures, Lender Disclosures, Closing Documents and Settlement papers.
> The scope of the examination is limited to a determination of the accuracy and compliance of the loan documentation with Federal, State, and Local laws as they may apply to the loan. Particular attention is paid to the discovery of evidence that would support legal action against the current lender(s) to either modify, or rescind the existing loan(s), or in the event of an executed foreclosure, overturn the action.

The document goes on to list the "findings" of an unnamed examiner, which consist partly of potential deficiencies in the loan documentation process. The report is, it must be admitted, hardly a model of clear prose. It contains a somewhat rambling and slanted history of the subprime mortgage crisis, what the Court assumes to be the basic details of Stojinski's line of credit, a listing of various laws whose connection to the instant case is never made entirely clear, and the examiner's opinions on the sundry failings of, and perverse incentives inherent in, the mortgage lending industry. It contains several conclusions about Stojinski's loan, which mainly express subjective assessments as to its fairness and advisability or are broadly hedged where they related to compliance with required procedures.[1]

---

[1] Examples include:
"The lender has ignored prudent standards of underwriting, knowing full well the loan would be securitized and any default would be the concern of another party."

On November 22, 2010, JP Morgan Chase filed the Motion to Dismiss and Motion to Strike now under consideration.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).

---

"The Examiner believes, the lender violated these rules by these causes of action [*sic*], including: Lack of due diligence by the lender in approving the loan. Lack of Good Faith and Fair Dealings [*sic*] by the Lender. Fiduciary Duty by the broker for doing a loan where it could lead to default. Unconscionability by the lender for doing the loan."
"Examiner has been concerned for a great length of time about the duties of the loan officer or loan broker to the borrower. . . . Examiner has always believed that a fiduciary duty exists between a broker and a borrower."
"The Examiner concludes that it is conceivable that the mortgage broker is an agent of both of the borrowers and lender. Therefore, the mortgage broker has failed to disclose his Dual Agency Relationship as required by RESPA."
"It has been determined this was not the best loan for the borrower which leads the Examiner to believe a Loan Officer or Sales Agent financially benefitted from the closing of this loan."

**III. ANALYSIS**

Even treating the "Forensic Loan Audit" as incorporated by reference into the Complaint itself and taking account of the liberal reading granted to *pro se* plaintiffs, the Complaint fails to state a cause of action on which relief can be granted. The Court's reading reveals no allegations of actual violations of specific provisions of law, only general claims that the TILA, as well as other, inapplicable, laws were not complied with. The closest thing to an allegation of an actionable violation is the contention that certain broker disclosure documents were not signed or dated, the implication being that it cannot be conclusively shown that they were provided to the borrower within the time period mandated by the FLSA.[2] But nowhere does the Plaintiff claim that this was actually the case, nor is any documentation or further information provided. The most that can be said is that the "examiner" flagged potential issues, which Stojinski's complaint simply passes on.

Moreover, the law is clear that claims for money damages under the TILA must be brought within one year from the date of the occurrence of the violation. See 15 U.S.C. §1640(e). Nothing in the Complaint suggests that any of the alleged wrongdoing occurred at any time other than the initiation of the line of credit, which, according to the "Forensic Loan Audit," occurred on February 13, 2007. Even if Stojinski's Complaint did state a viable cause of action, therefore, it would be untimely and relief foreclosed under the statute.

As to Stojinski's Motion to Vacate the Order of Foreclosure, it references Case No. 06-C-09-054386, a foreclosure action pending in the Circuit Court for Carroll County. The Motion is, in fact, addressed to the Circuit Court for Carroll County, and seems to have been filed in the instant action simply as a catch-all. As the Plaintiff evidently understands, this Court is not the

---

[2] Indeed, all that can be concluded from the complaint is that the copies provided to the unnamed "examiner" were not signed or dated.

proper place for a motion seeking to overturn an eviction. Stojinski cannot collaterally attack a state court foreclosure action here, and the Motion must therefore be stricken.

## IV.     CONCLUSION

For the above reasons, Stojinski's Complaint must be dismissed. The Court will, by separate Order of even date, GRANT JP Morgan Chase's Motion to Dismiss (Docket No. 3) and Motion to Strike (Docket No. 4), and DISMISS the case.

Dated this 7th day of February, 2011

/s/
_____
Benson Everett Legg
United States District Judge